CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for KKe
FEB 24 2011
JULIA C. DUDLEY, CLERK
BY: HMcDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT TRUSSELL, <br> Plaintiff, | Civil Action No. 7:11-cv-00082 |
| v. | **MEMORANDUM OPINION** |
| DOC OF COMMONWEALTH VA, <br> Defendant. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Robert Trussell, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. §§ 1331 and 1343. Plaintiff names as the sole defendant the DOC of Commonwealth Virginia, which is more commonly known as the Virginia Department of Corrections ("VDOC"). Although unclear, it appears plaintiff is unsatisfied with how his state sentence either was imposed or is being calculated. Plaintiff acknowledged on his complaint that he is not seeking accelerated release from custody. Plaintiff requests as relief, "[O]n just petit larceny for what under law of how more shorter it will be not to have it when need to off now with all the Jail time [he] ha[s]" and "by a Job mouth ½ $700 Hondas."

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his

complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Congress has conferred district courts with the authority to decide only certain types of cases. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1343, the district court have jurisdiction over, inter alia, a case involving a state inmate's civil rights. This jurisdiction is not unlimited, however. The United States Supreme Court has repeatedly held that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous[,] . . . plainly unsubstantial, . . . or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted). Rule 12(b)(1) authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989). Furthermore, the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). See also Apple v. Glenn, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Principles requiring generous construction of pro se pleadings are also not without limits. Beaudett, 775 F.2d at 1277. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988). District courts are not required "to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments." Beaudett, 775 F.2d at 1278.

Plaintiff's complaint is devoid of any useful information to determine what it is plaintiff complains of or what relief he seeks. As such, his complaint is too attenuated and unsubstantial to invoke jurisdiction over the complaint. Furthermore, it is well settled that the VDOC is not a proper defendant to a § 1983 action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, I dismiss the complaint without prejudice as frivolous. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). Plaintiff may refile a clearer and more detailed complaint at the time of his choice.[1]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 24th day of February, 2011.

Senior United States District Judge

---

[1] If plaintiff is attempting to challenge his state-court conviction, he may proceed via a petition for a writ of habeas corpus. I decline to construe this bare complaint as a habeas petition because he specifically acknowledged he did not seek an earlier release, the complaint lacks verification, and it does not substantially follow the form habeas petition. See Rules Governing § 2254 Cases 1(b), 2.

3